# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENNETH EVANS, | : | CIVIL NO: 3:16-CV-00547 |
| Plaintiff. | : | |
| | : | (Judge Caputo) |
| v. | : | |
| | : | (Magistrate Judge Schwab) |
| LEAH WHITE, *et al.*, | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

**I. Introduction.**

The plaintiff, Kenneth Evans ("Evans"), is a frequent filer who has accumulated three or more strikes pursuant to 28 U.S.C. § 1915(g). Because Evans has not presented any allegation that he was under imminent danger of serious physical injury at the time he filed this action, we recommend that the Court deny his motion for leave to proceed *in forma pauperis*. We further recommend that the Court dismiss this action without prejudice to Evans refiling the case along with the full filing fee.

**II. Factual Background and Procedural History.**

Evans, an inmate confined at San Quentin State Prison in California, filed the present complaint on March 30, 2016, levying a breach of contract claim against the Lifetime Liberty Group, a non-profit organization, and the following three individuals, all of whom are employed by the Lifetime Liberty Group: (1) Leah White ("White"), a senior managing executive; (2) Kathy McGrath ("McGrath"), a representative; and (3) Cheryl Daniels ("Daniels"), another representative. *Doc. 1* at 1, 2. The crux of his complaint appears to be that Lifetime Liberty Group and its employees are not performing their duties as claimed in their brochures, which are "received by inmates in penal institutions all across the United States[.]" *Id.* at 3. In support, Evans alleges that White is neither responding to his mail, nor informing him as to why Lifetime Liberty Group, which has his money, is not responding to him. *Id.* at 2-3. Evans further alleges that McGrath is not informing him why his "request forms" are being returned unanswered, and further, that she is engaging in theft, mail fraud, and false advertising. *Id.* at 3. Evans finally alleges that Daniels is also not informing him of the "situation" at Lifetime Liberty Group and that she, like McGrath, is engaging in theft, mail fraud, and false advertising. *Id.* By way of remedy, Evans seeks the return of his money and compensatory damages. *Id.* at 3, 4.

In addition to the complaint, Evans also filed, pursuant to 28 U.S.C. § 1915, an application for leave to proceed *in forma pauperis*. *See* doc. 4. The application, which is completed, specifies that Evans has "brought 3 or more actions or appeals in a court of the United States that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted[.]" *Id.* at 1. It also specifies that Evans is not currently seeking relief "under imminent danger of serious physical injury[.]" *Id.* at 2.

**III. Discussion.**

In accordance with 28 U.S.C. § 1915(g), commonly referred to as the "three-strikes" provision, Evans cannot proceed in this action without paying the full filing fee. The "three-strikes" provision provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Under this section, a prisoner with "three strikes" may not file a civil action unless he is under imminent danger of serious physical injury. *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 314 (3d Cir. 2001). The United States Court of Appeals for the Third Circuit "has concluded that the requisite imminent

danger of serious physical injury must exist at the time the complaint or the appeal is filed." *Pruden v. Superintendent*, No. 3:CV-07-2271, 2008 WL 718291, at *2 (M.D. Pa. Mar. 17, 2008) (citing *Abdul-Akbar*, 239 F.3d at 312).

Here, it is not in dispute that Evans has had at least three cases or appeals dismissed as frivolous, malicious, or for failure to state a claim; Evans admits so in his application for leave to proceed *in forma pauperis. See doc. 4* at 1.  Thus, Evans may not proceed *in forma pauperis* in this action unless he can avail himself of the "imminent danger" exception to § 1915(g)'s "three strikes" provision.

Evans, however, cannot avail himself of this exception.  He admits in his application to proceed *in forma pauperis* that he was not under imminent danger of serious physical injury at the time he filed the present complaint.  *See id.* at 2. Moreover, we have reviewed the allegations in the complaint and have determined that this action, which primarily involves a breach of contract claim, does not present a genuine emergency.  *See Pruden*, 2008 WL 718291, at *2 (explaining that "[t]he imminent danger exception is available for genuine emergencies, where time is pressing and a threat . . . is real and proximate." (quoting *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002))) (internal quotation marks omitted).

Thus, we conclude that Evans has reached the statutory limit as set forth in § 1915(g).  Because he is admittedly not proceeding under the "imminent danger" exception to that statute, and because the present complaint does not contain any

4

allegation that he is in "imminent danger of serious physical injury," Evans' application for leave to proceed *in forma pauperis* should be denied and this action should be dismissed without prejudice. *See Abdul–Akbar*, 239 F.3d at 312 (finding that, in order to trigger the exception to § 1915(g), the plaintiff must allege facts showing that he was in imminent danger at the time the complaint was filed).[1]

**IV. Recommendation.**

For the foregoing reasons, **IT IS RECOMMENDED** that Evans' application (*doc. 4*) for leave to proceed *in forma pauperis* be **DENIED** and that this action be dismissed without prejudice to him refiling the case along with the full filing fee. **IT IS FURTHER RECOMMENDED** that the following pending motions be **DENIED** as moot: motion (*doc. 3*) to appoint counsel; motion (*doc. 9*) to amend the complaint; and motion (*doc. 12*) requesting documents.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C.§ 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to

---

[1] To be clear, the Court makes no recommendation as to whether or not the defendants have violated any federal or state law, or constitutional proscription. Rather, the Court only recommends that, in light of § 1915(g)'s "three strikes" provision, no facts have been alleged to show the requisite imminent danger, such that Evans is excused from the restrictions announced under that provision.

which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this **13th** day of **October, 2016**.

*S/Susan E. Schwab*
Susan E. Schwab
United States Magistrate Judge