**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KENNETH EVANS,<br><br>    Plaintiff,<br><br>    v.<br><br>LEAH WHITE, *et al.*,<br><br>    Defendants. | CIVIL ACTION NO. 3:16-CV-00547<br><br>(JUDGE CAPUTO)<br><br>(MAGISTRATE JUDGE SCHWAB) |

**MEMORANDUM**

Presently before me is the Report and Recommendation ("R&R") of Magistrate Judge Schwab (Doc. 15) regarding a Complaint filed by Kenneth Evans ("Evans") on March 30, 2016. (Docs. 1, 9). For the reasons that follow, the R&R will be adopted in its entirety and the action will be dismissed without prejudice.

**I. Background**

Evans, an inmate confined at San Quentin State Prison in California, filed the present Complaint, levying a breach of contract claim against Lifetime Liberty Group, a non-profit organization, and the following three individuals, all of whom are employed by the Lifetime Liberty Group: (1) Leah White ("White"), a senior managing executive; (2) Kathy McGrath ("McGrath"), a representative; and (3) Cheryl Daniels ("Daniels"), another representative. Doc. 1 at 1, 2. Evans alleges that Lifetime Liberty Group and its employees do not perform their duties towards "inmates in penal institutions all across the United States" as allegedly claimed in their brochures. *Id.* at 3. In support, Evans alleges that White is neither responding to his mail, nor informing him as to why Lifetime Liberty Group is not responding to his mail. *Id.* at 2-3. Evans further alleges that McGrath has not informed him why his "request forms" are being returned unanswered, and further, that she has engaged in theft, mail fraud, and false advertising. *Id.* at 3. Evans finally alleges that Daniels also has not informed him of the "situation" at Lifetime Liberty Group and that she, like McGrath, has engaged in theft, mail fraud, and false advertising. *Id.* By way of remedy, Evans seeks the

return of his money and compensatory damages. *Id.* at 3, 4.

In addition to his Complaint, Evans filed an application for leave to proceed *in forma pauperis,* pursuant to 28 U.S.C. § 1915. (Doc. 4). The application specifies that Evans has "brought 3 or more actions or appeals in a court of the United States that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted[.]" *Id.* at 1. It also specifies that Evans is not currently seeking relief "under imminent danger of serious physical injury[.]" *Id.* at 2.

On October 13, 2016, Magistrate Judge Schwab issued the instant R&R (Doc. 15), and on October 21, 2016, Evans filed his objections (Doc. 16). The R&R and the objections thereto are now ripe for review.

## II. Legal Standard

Where objections to the Magistrate Judge's report are filed, the court must conduct a *de novo* review of the contested portions of the report. *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir.1989) (citing 28 U.S.C. § 636(b)(1)(c)). However, this only applies to the extent that a party's objections are both timely and specific. *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir.1984). In conducting a *de novo review*, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the law permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *United States v. Raddatz*, 447 U.S. 667, 675–76 (1980); *Goney*, 749 F.2d at 7; *Ball v. U.S. Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985). At the very least, the court should review uncontested portions for clear error or manifest injustice. *Cruz v. Chater*, 990 F. Supp. 375, 376–77 (M.D. Pa. 1998).

### III. Discussion

In the R&R, Magistrate Judge Schwab found that in accordance with 28 U.S.C. § 1915(g), commonly referred to as the "three-strikes" provision, Evans cannot proceed in this action without paying the full filing fee. *See* 28 U.S.C. § 1915(g). Evans has had at least three cases or appeals dismissed as frivolous, malicious, or for failure to state a claim; Evans admits so in his application for leave to proceed *in forma pauperis*. *See* Doc. 4, at 1. Thus, Evans may not proceed *in forma pauperis* unless he can avail himself of the "imminent danger" exception to § 1915(g)'s "three strikes" provision, which, according to Magistrate Judge Schwab, he cannot do because he is not proceeding under the "imminent danger" exception to that statute, and because the his Complaint does not contain any allegation that he is in "imminent danger of serious physical injury." (Doc. 15, at 4-5). Thus, the Magistrate Judge recommends that Evans' application (Doc. 4) for leave to proceed *in forma pauperis* be denied and that this action be dismissed without prejudice.

District courts are to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). As the Third Circuit observed, "providing a complete *de novo* determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process." *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

Here, Evans' objections are general in nature; they lack the specificity required by § 636(b)(1). In his objections, Evans goes on to recount his initial claims, repeating what he perceives to be the general legal foundations for his arguments. (*See* Doc. 16, 1-2). Nowhere does he object to Magistrate Judge Schwab's specific findings regarding the statutory limit set forth in § 1915(g). Nowhere does he address the fact that his Complaint does not contain any allegations that he is in "imminent danger of serious physical injury."

Consequently, because Evans is merely repeating arguments that were thoroughly addressed by the Magistrate Judge without making specific objections to the R&R, judicial economy demands they be reviewed for clear error only. *See Hutson v. Vaughn*, 2004 WL 717178 (E. D. Pa.2004) (overruling objections after determining that petitioner's objections simply restated his prior contentions and that the Magistrate Judge properly reviewed the arguments in the Report and Recommendation), *aff'd*, 262 Fed. Appx. 474 (3d Cir.2008). *See also Cruz*, 990 F.Supp. at 377.

As such, I review the R&R for clear error and find none. Magistrate Judge Schwab's recommendations will be adopted.

## IV. Conclusion

For the above stated reasons, I will adopt the R&R (Doc. 15) in its entirety and will dismiss Evans' Complaint without prejudice. In addition, Evans' motions to appoint counsel (Doc. 3), to amend the Complaint (Doc. 9), and requesting additional documents (Doc. 12) will be denied as moot.

An appropriate order follows.

November 14, 2016　　　　　　　　　　　　　/s/ A. Richard Caputo
Date　　　　　　　　　　　　　　　　　　　A. Richard Caputo
　　　　　　　　　　　　　　　　　　　　　United States District Judge